UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THETHESIUS HOSEA MOSLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>ZEPP, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-00421-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) NOTIFY THE COURT THAT HE WISHES TO PROCEED ONLY ON HIS DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT ZEPP;<br><br>(2) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE<br><br>ORDER DENYING MOTION TO PROCEED IFP AS MOOT<br><br>(ECF No. 6) |

Plaintiff Thethesius Hosea Mosley is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 21, 2023, alleging that Defendants were deliberately indifferent to his need for treatment of a knee injury. (ECF No. 1). While Plaintiff initially moved to proceed *in forma pauperis* (IFP), he later paid the filing fee, thus rendering his IFP motion moot. (ECF No. 6).

Plaintiff's complaint is now before the Court for screening. Upon review, the Court concludes that only the following claim should proceed: Plaintiff's claim that Defendant Zepp was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff now has three options on how to proceed: (1) Plaintiff may file a notice stating that he wants to proceed only on his deliberate indifference claim against Defendant Zepp; or (2) he may file an amended complaint, if he believes that additional facts would state additional claims, which amended complaint the Court will screen in due course; or (3) he may file a notice stating that he wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names four Defendants in this case: (1) Andrew Herm Zepp, a licensed osteopathic physician and surgeon; (2) contractual provider for physician primary premium; (3) N. Igbinosa, Chief Physician and Surgeon; and (4) S. Gates, Chief Healthcare Policy and Risk Management Manager.[1] Plaintiff states that the events at issue occurred while he was confined at Kern Valley State Prison (KVSP). He brings a single claim for "inadequate medical care in violation of the Eighth Amendment." In support, he states as follows:

On June 3, 2021, Plaintiff was jumping onto the dayroom table as a form of exercise and felt a pop in his left knee. Afterwards, he could not walk or put pressure on the knee. He requested medical attention and was seen by RN Priscalli Rodrigquez and was informed that Defendant Zepp was going to be on vacation for 60 days. Therefore, he was denied any form of medical care for his "swollen left meniscus tear knee."

Plaintiff asked Dr. Ulite to help him but was told the "policy contract" prohibited "treatment to inmates on this side of the yard." Plaintiff asked for a mobility device, *e.g.*, a cane, but was denied. His condition worsened, with his knee remaining swollen, stiff, inflamed, and painful. The pain was unbearable but the doctor[2] did nothing, denying him any type of basic treatment or care. Notably, the doctor ordered no higher level of care after his knee remained swollen for three months.

Plaintiff requested medical care on June 7, 2021, but was only able to speak with RN Rodrigquez. His knee was still swollen on June 10, 2021, but no medical treatment was provided, and the doctor refused to speak with him. By July 26, 2021, no care, including pain medication, had been provided.

---

[1] For readability, minor alterations, such as altering punctuation and correcting misspellings, have been made to quotations from Plaintiff's complaint without indicating each change.
[2] It is not always clear which doctor Plaintiff is referring to in the complaint.

3

Accordingly, Plaintiff filed a healthcare grievance on August 6, 2021, because the "entire medical staff failed to assist [him] with any type of care as" his condition worsened. The only way to get to his appointments was to limp there or ask a young person to help him. The doctor refused to provide him a cane.

Plaintiff was not getting anywhere with KVSP administration, and "went to the next level," but nothing actually changed as far as him receiving medical help for his knee.[3] Plaintiff is still having trouble with his knee, and his "physical therapy sessions are mostly stop and go sessions whereas the preparation to getting surgery has depended on" completing physical therapy and the problem is that "the correction officer fail[ed] to transport [him] to the session."

Plaintiff states that he received no medications for his knee for eighteen months. "Only after filing with the Government Claims Program, Office of Risk and Insurance Management Department of General Services, did real results for corrective treatment start, which began" with a first pain shot on October 28, 2022.

Plaintiff concludes by listing some specific allegations that appear directed against Defendant Zepp, stating that Zepp "watched his patient suffer for nearly 6 months and without the least care for a patient who actually pleaded with him for medical treatment from . . . day one." Plaintiff told Zepp that it had to be a meniscus tear, but Zepp just laughed and said he was in more pain than Plaintiff and told him that his knee pain was just osteoarthritis even though his knee had remained swollen for nearly four months. Plaintiff had a purple visible swollen knee, but Zepp refused him basic care and it took him nine months to order a cane even after Plaintiff's condition worsened.

As for relief, Plaintiff seeks monetary damages and injunctive relief to stop the delay in his receiving further medical care. He wants a surgery to be scheduled to alleviate his pain.

### III.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or

---

[3] Plaintiff indicates that he attached exhibits to his complaint, but the Court received none.

4

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

**B.     Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v.*

1   *Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

2       Deliberate indifference is established only where the defendant subjectively "knows of
3   and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d
4   1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by
5   showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need
6   and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil
7   recklessness—failure "to act in the face of an unjustifiably high risk of harm that is either
8   known or so obvious that it should be known"—is insufficient to establish an Eighth
9   Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations
10  omitted).

11      A difference of opinion between an inmate and prison medical provider—or between
12  medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
13  establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).
14  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a
15  medical condition does not state a valid claim of medical mistreatment under the Eighth
16  Amendment. Medical malpractice does not become a constitutional violation merely because
17  the victim is a prisoner." *Estelle*, 429 U.S. at 106. "Rather, to prevail on a claim involving
18  choices between alternative courses of treatment, a prisoner must show that the chosen course
19  of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in
20  conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058
21  (alterations in original) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

22      Upon review, the Court concludes that Plaintiff has sufficiently alleged a deliberate
23  indifference claim as to Defendant Zepp. Notably, while the complaint at times fails to specify
24  which Defendant committed certain acts or omissions, there is a section of the complaint that
25  reasonably appears to apply only to Zepp. Among other things, Plaintiff states in this section
26  that, despite reporting knee pain for a purportedly torn meniscus, with visible swelling and
27  discoloration, Zepp did nothing for approximately six months over the course of multiple office
28  visits. Moreover, even while his condition was worsening, it took approximately nine months

for Zepp to even order Plaintiff a cane. Thus, there are facts to show that Zepp subjectively knew of and disregarded an excessive risk to Plaintiff's health.

However, as to the remaining Defendants—contractual provider for physician primary premium,[4] Dr. Igbinosa, and S. Gates—Plaintiff fails to specify what, if anything, these Defendants did wrong. Notably, Plaintiff does not specify what role these Defendants played in his medical care, what facts would have made them subjectively aware of his medical issues, and how they disregarded an excessive risk to his health. Accordingly, Plaintiff has failed to allege that each of these named Defendants personally participated in the deprivation of his rights. To the extent that Plaintiff sues them because they had some supervisory role, as discussed above, supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.

## IV.  CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and concludes that the following claim should proceed past screening: Plaintiff's claim that Defendant Zepp was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. All other claims should be dismissed. Plaintiff may choose to notify the Court in writing that wants to proceed only on the claim that the Court found should proceed past screening. If Plaintiff files a statement that he wants to go forward only on this claim, the Court will authorize service of process on Defendant Zepp, and the case will proceed on this claim.

Alternatively, Plaintiff may file an amended complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Thus, the Court will provide Plaintiff with thirty days to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity described above. Plaintiff should note that, although he has been given the opportunity to amend, it is not for the purpose of

---

[4] It is unclear if this Defendant is a person or entity.

8

changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Additionally, the amended complaint shall not be more than twenty-five pages long including any attached exhibits.

Lastly, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

For the above reasons, IT IS ORDERED that:

1. Plaintiff's IFP application (ECF No. 6) is denied as moot based on his payment of the filing fee.
2. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a notice stating that he wants to proceed only on his deliberate indifference claim against Defendant Zepp;
   b. File a First Amended Complaint; or
   c. File a notice stating that he wants to stand on his complaint.
4. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:23-cv-00421-EPG; and

\\\
\\\

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **May 16, 2023**            /s/ *Eric P. Grosjean*
                                   UNITED STATES MAGISTRATE JUDGE