UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THETHESIUS HOSEA MOSLEY,<br><br>    Plaintiff,<br><br> v.<br><br>ZEPP,<br><br>    Defendant | Case No. 1:23-cv-00421-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFF'S TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ORDER FOR DEFENDANT TO FILE A RESPONSE REGARDING PLAINTIFF'S ALLEGATIONS OF LACK OF LEGAL PROPERTY<br><br>(ECF No. 51) |

  Plaintiff Thethesius Mosley is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to Plaintiff's serious medical needs.

  On September 19, 2024, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 51). As grounds, he states that he cannot afford counsel, his case is complex, and his incarceration is limiting his ability to litigate this case, particularly, in responding to Defendant's motion for summary judgment. Among other things, Plaintiff states that he is in administrative

segregation, with no legal books for researching his case and the Lexis Nexis computer malfunctions within thirty minutes of the two-hour session allotted to him twice a week. Plaintiff states he had not yet been provided all his legal documents by prison officials and does not have a ViaPath tablet (presumably referring to a tablet used for legal research). Plaintiff attaches grievance documents that complain about his lack of access to legal materials.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The legal issues are not unduly complex. It appears that Plaintiff can adequately articulate his claims despite his lack of training in the law and he has at least some access to legal research sources. Further, the Court is unable to conclude that Plaintiff is likely to succeed on the merits of his case.

However, because it appears that Plaintiff has limited access to legal materials, the Court will *sua sponte* grant Plaintiff a 30-day extension to file a response to Defendant's motion for summary judgment. (*See* ECF No. 48).

Additionally, in light of Plaintiff's allegations that he lacks his legal property related to this case, the Court will require Defendant to file a response regarding these allegations.

For these reasons, IT IS ORDERED as follows:

1. Plaintiff's motion for appointment of pro bono counsel (ECF No. 51) is DENIED without prejudice.

2. Plaintiff's deadline to respond to Defendant's motion for summary judgment is extended to November 29, 2024.
3. By no later than September 27, 2024, Defendant shall file a response to Plaintiff's allegations concerning lack of access to his legal property related to this case.

IT IS SO ORDERED.

Dated: **September 20, 2024**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE